UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVID CROOKS,                              )
                                           )
                        Plaintiff          )
                                           )
            vs.                            )        CAUSE NO. 3:11-CV-221 RM
                                           )
HOUSEHOLD FINANCE CORP. III;               )
HSBC MORTGAGE SERVICES;                    )
STEVEN D. GARVER; JULIA                    )
BLACKWELL GELINAS; MICHELE                 )
LORBIESKI ANDERSON; MELANIE D.             )
MARGOLIN; and LUCY R. DOLLENS,             )
                                           )
                        Defendants         )

## OPINION and ORDER

This cause is before the court on the motion of defendant Steven Garver and the motion of defendants Household Finance Corporation III, HSBC Mortgage Services, Julia Blackwell Gelinas, Michele Lorbieski Anderson, Melanie D. Margolin, and Lucy R. Dollens to dismiss David Crooks' complaint pursuant to Rules 8(a)(2), 8(d), 12(b)(1), 12(b)(6), and 12(e) of the Federal Rules of Civil Procedure. Mr. Crooks has responded to both motions, and the defendants have filed their replies. For the reasons that follow, the defendants' motions are granted.

FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1)

The bulk of Mr. Crooks's claims appear to relate to events relating to his acquisition of a mortgage loan and the note and mortgage loan documents he signed in November 2004. The defendants have moved to dismiss Mr. Crooks's claims relating the mortgage loan transaction and related documents under Federal Rule of Civil Procedure 12(b)(1), which authorizes dismissal of complaints for lack of standing. *See* Warth v. Seldin, 422 U.S. 490, 498 (1975) ("In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues. . . . This is the threshold question in every federal case, determining the power of the court to entertain the suit."). "Obviously, if a plaintiff cannot establish standing to sue, relief from the court is not possible, and dismissal under 12(b)(1) is the appropriate disposition." American Fed'n of Gov't Employees, Local 2119 v. Choen, 171 F.3d 460, 465 (7th Cir. 1999). When considering a motion to dismiss for lack of standing, the court may look beyond the allegations of the complaint to evidence that calls the court's jurisdiction into question. Bastuen v. AT&T Wireless Serv., Inc., 205 F.3d 983, 990 (7th Cir. 2000). As plaintiff, Mr. Crooks bears the burden of establishing the required elements of standing and coming forward with "competent proof – that is a showing by a preponderance of the evidence – that standing exists." Lee v. City of Chicago, 330 F.3d 456, 468 (7th Cir. 2003).

The defendants have submitted a copy of Mr. Crooks's Chapter 7 Bankruptcy Petition, dated August 31, 2005. That petition shows that Mr. Crooks

didn't disclose the possibility of his tort claims against any of these defendants as required on Schedule B, Line 20, where the debtor must identify "other contingent and unliquidated claims of every nature." Mr. Crooks checked "None" as his response on Line 20, even though the November 2004 actions of Household Finance Corp. III (identified as the "note holder," Compl., at 2), HSBC Mortgage Services (identified as the "servicer," Compl., at 2), and Steven Garver (identified as the "closing notary," Compl., at 2) relating to the mortgage loan documents and transaction of which Mr. Crooks now complains occurred at least eight months before he filed his bankruptcy petition in August 2005.[1] Mr. Crooks didn't modify his petition prior to the order of discharge, entered December 5, 2005.

In January 2008, the bankruptcy court granted Mr. Crooks's request to reopen his bankruptcy estate to assert claims against Household Finance and HSBC Mortgage Services challenging the same mortgage loan transaction and documents he is challenging here. United States Bankruptcy Judge Harry C. Dees, Jr. dismissed Mr. Crooks's adversary complaint, concluding that Mr. Crooks's claims under the Truth in Lending Act (*i.e.*, he wasn't provided with disclosures and information required by the Act) and the Real Estate Settlement Procedures Act (*i.e.*, improper charges were imposed and not disclosed in violation

---

[1] Mr. Crooks has also named as defendants Julia Blackwell Gelinas, Michele Lorbieski Anderson, Melanie D. Margolin, and Lucy R. Dollens, identified as "foreclosing attorneys." Compl., at 2-3. Defendants Gelinas, Anderson, Margolin, and Dollens report that they represented Household Finance Corp. III in its state court foreclosure action initiated in August 2006 against Mr. Crooks, the appeal of that action, and "all other avenues pursued by Crooks to avoid foreclosure." Defts Br., at 2. Thus, Mr. Crooks' claims relating to the 2004 mortgage loan transaction won't be viewed as relating to defendants Gelinas, Anderson, Margolin, or Dollens.

of the Act) were time-barred and that "under Indiana law [Mr. Crooks] cannot seek damages on the quasi-contractual theory of unjust enrichment when his relationship with the defendants is governed by an express contract." Memo. of Decision, at 11 (N.D. Ind. Bankr., Oct. 31, 2008). Mr. Crooks was represented by counsel during all of his bankruptcy proceedings.

Thus, based on Mr. Crooks's bankruptcy proceedings, any claims relating to the mortgage loan documents and transaction not already decided by the bankruptcy court would be the property of the estate. "Property of the estate" under Section 541 of the Bankruptcy Code includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). A debtor's "contingent interest in future income has consistently been found to be property of the bankruptcy estate. In fact, every conceivable interest of the debtor, future, non-possessory, contingent, speculative, and derivative, is within the reach of § 541." Matter of Yonikus, 996 F.2d 866, 869 (7th Cir. 1983) (citations omitted). "Debtors have an absolute duty to report whatever interests they hold in property, even if they believe their assets are worthless or are unavailable to the bankruptcy estate." Matter of Yonikus, 974 F.2d 901, 904 (7th Cir. 1992). And while debtors are permitted to claim certain property as exempt under 11 U.S.C. § 522, Mr. Crooks hasn't argued that his claims qualify as exempt property under the statute.

Mr. Crooks filed his bankruptcy petition without disclosing or including his potential claims against Household Finance, HSBC Mortgage Services, or Steven

Garver; his bankruptcy was discharged; his bankruptcy estate was reopened so that he could, as he has done in this case, assert claims relating to the mortgage loan documents and his reaffirmance of the mortgage debt in the bankruptcy proceedings, and those claims were found to be meritless. Because "only the trustee has standing to prosecute or defend a claim belonging to the estate," <u>Cable v. Ivy Tech State College</u>, 200 F.3d 467, 472 (7th Cir. 1999), and Mr. Crooks hasn't come forward with any evidence to establish his standing to bring claims relating to the mortgage loan documents and transaction against any of the defendants named in his complaint, the court will grant the defendants' motions to dismiss Mr. Crooks's claims relating to the mortgage loan documents and transaction pursuant to Federal Rule of Civil Procedure 12(b)(1).

The defendants have also moved to dismiss Mr. Crooks' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), which authorizes dismissal of complaints that state no actionable claim, because, they say, the doctrine of *res judicata* bars Mr. Crooks's claims relating to the state court foreclosure action. Because the <u>Rooker-Feldman</u> doctrine Mr. Crooks's claims, the court treats the defendants' motion as one under Federal Rule of Civil Procedure 12(b)(1) to dismiss for lack of subject matter jurisdiction. The <u>Rooker-Feldman</u> doctrine, *see generally* <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923), and <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983), "deprives federal courts of subject matter jurisdiction where a party, dissatisfied with a result in state court, sues in federal court seeking to set aside the state-court judgment and

requesting a remedy for an injury caused by that judgment." Johnson v. Orr, 551 F.3d 564, 568 (7th Cir. 2008). The Rooker-Feldman doctrine prohibits a state court loser from "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Lance v. Dennis, 546 U.S. 459, 464 (2006).

The actions of which Mr. Crooks complains – the defendants' initiation of foreclosure proceedings, their failure to produce documents in connection with the foreclosure action, the unlawful theft and conversion of his real property through an unlawful foreclosure, the defendants' unlawful standing to foreclose his property – and the remedies he seeks – quiet title to the foreclosed property and disgorgement of all amounts wrongfully acquired by the defendants – all relate to the foreclosure action and the allegedly improper relief granted by the state court. Those claims are, in reality, challenges to the state court judgment. Even though Mr. Crooks was the defendant in the foreclosure proceedings, he had a reasonable opportunity to, and did in fact, raise those issues in the state court action.[2]

---

[2] Mr. Crooks, through his attorney, asserted defenses to Household Finance Corp.'s foreclosure action – including, but not limited to, non-compliance by Household with all applicable disclosure and notice requirements prior to the signing of the mortgage documents, Household wasn't a "holder in due course," Household's complaint failed to state a claim, estoppel due to rescission under the Truth in Lending Act, unjust enrichment, defenses allowed by the Truth in Lending Act and the Real Estate Settlement Procedures Act – as well as filing a counterclaim and a "counter complaint" (against HSBC Bank Nevada, N.A., Excellerated Mortgage Co., Feiwell & Hannoy, P.C.), which included claims for rescission, breach of fiduciary duty, constructive fraud, unjust enrichment, misrepresentation and fraud, yield spread premium fraud, and violations of the Equal Credit Opportunity Act, the Fair Debt Collection Practices Act, the Truth in Lending Act, the Real Estate Settlement Procedures Act, the Indiana Loan Broker Act, and the Indiana Home Loan Practices Act. See Household Memo., Exh. A (Nov. 21, 2007 Ord. of Elkhart Sup. Ct. #2), at

Federal district courts don't have subject matter jurisdiction in cases like this one "in which the plaintiff complains of an injury that cannot be separated from the state court judgment." Kelley v. Med-1 Solutions, Inc., 548 F.3d 600, 607 (7th Cir. 2008); *see also* Beth-El All Nations Church v. City of Chicago, 486 F.3d 286, 294 (7th Cir. 2007) ("Beth-El's claims . . . are all targeted to overturn the state-court judgments, and, as such, they are barred by Rooker-Feldman.").

"The pivotal inquiry is whether [Mr. Crooks] seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim." Long v. Shorebank Dev. Corp., 182 F.3d 548, 555 (7th Cir. 1999). While Mr. Crooks alleges actions that deprived him of "constitutionally protected Fundamental Rights," Compl., at 16, those injuries were only complete once memorialized in the state court foreclosure judgment, and it is that judgment and its effects that he asks this court to review. The Rooker-Feldman doctrine prohibits that review; Mr. Crooks' remedy is with the appropriate state court of appeals. The defendants'

---

1-2 n.3; Household Memo., Exh. E. (Mr. Crooks' Sept. 27, 2007 Amd. Defenses and Counter Compl.).

Judge Stephen R. Bowers of Elkhart Superior Court #2 granted Household's summary judgment motion based on his conclusion that "[t]he undisputed facts before the court are that Mr. Crooks understood the documents he was signing that granted a mortgage against his property. Moreover, the undisputed facts support Household's contention that all federal law (e.g., the Truth in Lending Act [] and the Real Estate Procedures Act []) was complied with. Clearly, too, [Mr.] Crooks is in default on his mortgage obligations. . . . At the time the court denied Household's first motion for summary judgment it was on the basis that Mr. Crooks was not given certain closing documents . . ., which turns out not to be the case. . . . Mr. Crooks did receive the closing documents . . . . Hence the reason for denying Household's first motion no longer is an issue." Household Memo., Exh. I (Dec. 7, 2010 Ord. of Elkhart Sup. Ct. #2), at 3-4. The Decree of Foreclosure was entered by the Elkhart Superior Court #2 on January 10, 2011; Mr. Crooks filed his complaint in this court on May 24, 2011.

motions to dismiss Mr. Crooks's claims relating to and resulting from the state court foreclosure action must be granted.

## FEDERAL RULE OF CIVIL PROCEDURE 8

Lastly, the defendants argue that Mr. Crooks's complaint should be dismissed as not in compliance with the requirements of Federal Rule of Civil Procedure 8. According to the defendants, Mr. Crooks' complaint "is a 71 page collection of assertions of fault, which defendants deny, directed toward both named defendants and unidentified individuals, unsupported by a clear statement of facts, alleging inconsistent claims. . . . [Mr.] Crooks' vague and imprecise allegations make it impossible for defendants to craft a response because it is unclear to whom the . . . allegations are directed." Defts Br., at 10.

The minimum requirements for pleading a claim for relief are found in Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief" and each allegation to be "simple, concise, and direct." FED. R. CIV. P. 8(a)(2), (d)(1). The Rules also require that a party's claims be stated in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). "The primary purpose of [Rule 8] is rooted in fair notice: Under Rule 8, a complaint must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." Vicom, Inc. v. Harbridge Merchant Servs., Inc., 20 F.3d 771, 775 (7th Cir. 1994).

Mr. Crooks's 71-page complaint violates Rules 8 and 10. The complaint doesn't contain a "short and plain statement" of his claims; the allegations of the complaint aren't "simple, concise, and direct;" the paragraphs aren't properly numbered or limited to a "single set of circumstances;" and the random, non-specific references to "the Real Estate Settlement Procedures Act," "the Truth in Lending Act," and "the Fair Debt Collections Act," "the Home Equity Protection Act," "the Uniform Commercial Code," violations of "constitutionally protected fundamental rights" and "common law rights" are insufficient as citations of the law governing the various claims of the complaint.

In addition, the complaint contains

– numerous references to actions or inactions by "the defendant" or "the defendants" without identifying the specific defendant(s) involved, *see* Collins v. Kibort, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.");

– claims of "fraud," but no allegations that meet the particularity requirement of Federal Rule of Civil Procedure 9(b);

– improper conclusions of law, *see, e.g.*, page 36 ("Lender and all Agents are vicariously liable for the breached [sic] of fiduciary duty to plaintiff."); page 52 ("In the case at bar, plaintiff adequately plead the doctrine of equitable estoppel. . . . As plaintiff adequately plead the doctrine of equitable estoppel, defendants cannot raise the statute of limitations

defense to defeat plaintiff's claims."); page 63 ("Each defendant's own actions were tortious."); and page 66 ("As a result of defendant's breach of fiduciary duty, plaintiff has a right to recover direct damages."); and

– claims against parties who are not defendants in this action, *see, e.g.*, pages 4-5 ("Actor is Charles A. Nye of Nye Appraisal Services;" "Actors are the unknown employees and agents of NETCO Title;" "Actor is Lender, Accredited Home Lenders (bankrupt);" "Actor is initial foreclosing law firm, Feiwell & Hannoy, P.C.;" "Actors are Mortgage Broker, Exelerated Mortgage Co.;" and "Actor is Lender Processing Services, Inc.," with the term "actor" defined as one who acted as a "joint venturer, general partner, co-conspirator, . . . or advisor to the named defendants"); page 17 ("Frost Brown Todd, LLC is subject to the FDCPA Title 15 § 1692 et. seq. by acting as Debt Collector."); pages 29-33 (various fraudulent acts of unidentified "Appraiser," "Closing Agent and Trustee," "Underwriter," and "Mortgage Broker and Agents"); and pages 63-64 ("Accredited Homes Lenders . . . perpetrated a deliberate fraud against plaintiff."),

all of which make it impossible for the court or the defendants to understand whether a valid claim is being alleged. *See* <u>United States *ex rel.* Garst v. Lockheed-Martin Corp.</u>, 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud."); <u>Vicom, Inc. v. Harbridge Merchant Servs., Inc.</u>, 20 F.3d 771, 775-776 (7th Cir. 1994) ("A complaint that is

prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation.").

"Although the court generally regards Rule 8 as a shield for pleaders rather than a sword for those pleaded against, it is true that in unusual cases an excessively lengthy complaint may be so confusing and disjointed as to warrant dismissal for failure to comply with Rule 8." <u>George v. Kraft Foods Global, Inc.</u>, No. 06-cv-798, 2007 WL 853998, at *3 (S.D. Ill. Mar. 16, 2007). Mr. Crooks's complaint is made "unintelligible by scattering and concealing in a morass of irrelevancies the few allegations that [might] matter." <u>Garst v. Lockheed-Martin</u>, 328 F.3d at 378. And even though *pro se* complaints are construed liberally, see <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers"), "[i]f a complaint's length and lack of clarity make it unintelligible, dismissal under [Federal Rule of Civil Procedure] 8(a) is permitted." <u>Lindell v. McCallum</u>, 352 F.3d 1107, 1110 (7th Cir. 2003). The court will grant the defendants' motion to dismiss all remaining claims of the complaint.

CONCLUSION

Based on the foregoing, the court

(a) GRANTS the motion of defendant Steven Garver [docket # 18] and DISMISSES with prejudice all claims against Mr. Garver pursuant to Federal Rule of Civil Procedure 12(b)(1); and

(b) GRANTS the motion to dismiss of the remaining defendants [docket # 7] as follows:

(i) all claims against defendants Household Finance Corp. III and HSBC Mortgage Services relating to or involving the November 2004 mortgage loan transaction and documents are DISMISSED with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1);

(ii) all claims against defendants Household Finance Corp. III, HSBC Mortgage Services, Julia Blackwell Gelinas, Michele Lorbieski Anderson, Melanie D. Margolin, and Lucy R. Dollens relating to, involving, or resulting from the state-court foreclosure action are DISMISSED with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1); and

(iii) any other claims that Mr. Crooks may be attempting to assert against defendants Household Finance Corp. III, HSBC Mortgage Services, Julia Blackwell Gelinas, Michele Lorbieski Anderson, Melanie D. Margolin, and Lucy R. Dollens are DISMISSED pursuant to Federal Rules of Civil Procedure 8, 9, and 10.

Mr. Crooks is AFFORDED to and including September 14, 2011 to file an amended complaint. If no amended complaint is filed by that date, judgment will be entered against him.

SO ORDERED.

ENTERED:   August 30, 2011

  /s/ Robert L. Miller, Jr.
Judge, United States District Court

cc: D. Crooks
    D. Kasper
    H. Koeneman