UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DAVID CROOKS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:11-CV-221 RM |
| | ) | |
| JULIA BLACKWELL GELINAS; | ) | |
| MICHELE LORBIESKI ANDERSON; | ) | |
| MELANIE D. MARGOLIN; | ) | |
| LUCY R. DOLLENS; and | ) | |
| DOES 1 through 10, | ) | |
| | ) | |
| Defendants | ) | |

OPINION and ORDER

After the court's dismissal, on August 30, 2011, of David Crooks' *pro se* complaint pursuant to Federal Rules of Civil Procedure 8, 9, 10, 12(b)(1), and 12(b)(6), Mr. Crooks, again proceeding *pro se*, filed a timely amended complaint, alleging violations of the Fair Debt Collection Practices Act, "constitutionally protected Fundamental Rights," "common-law rights involving Federal Corporations and Interstate Commerce in the form of lending and banking," and his rights under the Uniform Commercial Code. Mr. Crooks names as defendants Doe Defendants 1 through 10 and four "foreclosing attorneys" – Julia Blackwell Gelinas, Michele Lorbieski Anderson, Melanie D. Margolin, Lucy R. Dollens – who were named as defendants in his original complaint. Mr. Crooks seeks the following relief: quiet title to property, disgorgement of all amounts wrongfully acquired by defendants, three times the amount defendants intended to defraud

plaintiff (a sum equal to $1,098,683.76), pain and suffering due to extreme mental anguish, pre- and post-judgment interest, attorney's fees and costs, and such other relief as the court deems just and fair.[1]

The defendants have moved to dismiss the amended complaint on a number of grounds. First, they say, the <u>Rooker-Feldman</u> doctrine[2] deprives the court of subject matter jurisdiction over Mr. Crooks' claims, so his claims against them should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). They also argue that Mr. Crooks' claims of extreme emotional distress and those under the Federal Debt Collection Procedures Act, 15 U.S.C. § 1692 *et seq.,* should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, and his claims for fraud should be dismissed as deficient under Federal Rule of Civil Procedure 9. Because dismissal under Rule 12(b)(1) is appropriate, the court need not address the other bases.

The threshold question in every case is whether the court has the power to entertain the suit. <u>Warth v. Seldin</u>, 422 U.S. 490, 498 (1975). The <u>Rooker-Feldman</u> doctrine "is a rule of federal jurisdiction," <u>Frederiksen v. City of Lockport</u>, 384 F.3d 437, 438 (7th Cir. 2004), which "deprives federal courts of subject

---

[1] Mr. Crooks' response brief contains the following sentence: "As a matter of housekeeping, plaintiff acknowledges his amended complaint's prayer errantly appears to seek reversal of the State Court's decision, when in actuality the plaintiff seeks actual, statutory, and punitive damages from the named defendants." Reply, at 10. Mr. Crooks can't amend his complaint through statements or arguments in his response brief. *See* <u>Burks v. Wisconsin Dep't of Transp.</u>, 464 F.3d 744, 758 n.15 (7th Cir. 2006) (claim first raised in response brief "could be disregarded because Ms. Burks did not plead such a claim" in her complaint).

[2] *See generally* <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923), and <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983).

matter jurisdiction where a party . . . sues in federal court seeking to set aside the state court judgment and requesting a remedy for an injury caused by that judgment." <u>Johnson v. Orr</u>, 551 F.3d 564, 568 (7th Cir. 2008). "When the <u>Rooker-Feldman</u> doctrine applies, there is only one proper disposition: dismissal for lack of federal jurisdiction. A jurisdictional disposition is conclusive on the jurisdictional question: the plaintiff cannot re-file in federal court." <u>Frederiksen v. City of Lockport</u>, 384 F.3d 437, 438 (7th Cir. 2004).

The defendants argue that the <u>Rooker-Feldman</u> doctrine bars Mr. Crooks' claims because his claims are a challenge to their standing to represent their client, his creditor, in enforcing the security interest at issue in the foreclosure action, so his current attack on his creditor's attorneys "is nothing more than a further attack on the injuries caused by the state-court judgment." Defts. Br., at 3. The defendants explain, "Of course, the remaining defendants do not claim to have 'standing' to foreclose on the real estate. They are merely the attorneys for Household Finance Corp. III, the party who, as determined by the Elkhart Superior Court had a valid right to foreclose on plaintiff's real estate. As the issue of standing was determined on the merits by the Elkhart Superior Court, this action constitutes nothing more than an attack on that judgment." Defts. Br., at 4.

Mr. Crooks responds that his "suit is not remotely connected to his foreclosure," Resp., at 1, but, contrary to his assertion, the claims of his amended complaint directly relate to the mortgage loan documents he signed in November

3

2004[3] and the foreclosure proceedings in the Elkhart Superior Court.[4] As this court previously concluded in ruling on the motions to dismiss his initial complaint, Mr. Crooks had ample opportunity to challenge the mortgage loan and related documents in his bankruptcy proceedings, filed in 2005 and reopened in 2008, *see* Op. and Ord. (Aug. 30, 2011), at 2-5, and to advance his numerous objections and defenses to the foreclosure action in the Elkhart Superior Court

---

[3] *See, e.g.,* Amd. Compl., ¶ 10(b) ("Defendant(s) claimed the existence of a document establishing a lien against the property owned by plaintiff."); ¶ 18 ("Plaintiff herein demands strict verified proof, according to the rules of evidence for each of the following: (a) that plaintiff entered into a legal and binding contract with defendant(s) or defendant(s)' alleged client that would establish the alleged debt; (b) that defendant(s) or defendant(s)' alleged client is the true holder of said debt instrument."); ¶ 19 ("Plaintiff herein demands strict verified proof, according to the rules of evidence and the Uniform Commercial Code that defendant or defendant(s)' alleged client is the true holder of said debt instrument by production of the original contract upon which defendant(s) claims authority to demand payment.); ¶ 22 ("Plaintiff herein demands strict verified proof, according to the rules of evidence, that: (a) plaintiff entered into a contract with defendant(s) or defendant(s)' principal for whom defendant(s) claims to act as agent, granting defendant(s) a legal claim against the property as protection against loss in the event plaintiff failed to meet the obligations of the above alleged debt, (b) defendant(s)' alleged client or principal is the true and exclusive holder, or is the proper agent for said holder, of said legal claim against the property, (c) that the alleged document purporting to create a lien against the property was granted by plaintiff to defendant(s) or to defendant(s)' principal for whom defendant(s) claims to be acting as agent."); ¶ 23 (". . . Plaintiff herein demands strict verified proof, according to the rules of evidence that defendant(s)' principal is the exclusive holder of said instrument."); ¶ 24 ("In the event defendant(s) is able to produce a bona fide lien document, plaintiff herein demands strict verified proof that plaintiff granted such claim to defendant(s) by name, defendant is, and at all times has been, the holder of the alleged note purporting to evidence a debt.").

[4] *See, e.g.,* Amd. Compl., ¶ 10(e) ("Defendant(s) claimed authority to exercise foreclosure on an alleged lien against the property."); ¶ 10(f) ("Plaintiff never created a document creating a lien against plaintiff's real property to the benefit of defendant(s)."); ¶ 21 (". . . Plaintiff demands strict verified proof that defendant(s)' claim against the debt is the singular and exclusive claim based on the purported contract."); ¶ 26 (". . . Plaintiff herein demands strict verified proof, according to the rules of evidence, of a complete chain of legal possession of said lien document."); ¶ 27 ("In the event defendant(s) is able to produce a complete chain of legal possession of the above referenced document purporting to create a lien against the property, plaintiff herein demands strict verified proof, according to the rules of evidence that, at all times, the ownership of the alleged lien document and the alleged note were transferred together such that, at no time, one entity held the alleged lien and another entity held the alleged note."); ¶ 28 ("In the event that defendant(s) were to prove that a debt claim exists against the property, plaintiff demands strict verified proof that defendant(s)' claim against the debt is the singular and exclusive claim based on the purported debt claim which defendant(s) is attempting to collect.").

and in his appeal of that judgment. *See* Op. and Ord. (Aug. 30, 2011), at 5-8 & n.2.

Mr. Crooks further affirms in his response brief that his current claims against these defendants relate to the mortgage loan documents and foreclosure proceedings – claims that Mr. Crooks could have and did, in fact, raise in the bankruptcy and state court actions. In his response, Mr. Crooks explains that he wants the defendants to prove that they were agents in the foreclosure proceedings "for either an alleged principal, a viable or valid holder of a note, or an investor" and "until [they] prove agency spanning the entire chain of interested parties and evolution of the security instrument, their actions are rogue at best and they are without defense for collection of a false or mischaracterized debt or misrepresented the legal status of such." Resp., at 2. Those statements confirm that he's contesting the state court action and its outcome.

Mr. Crooks has re-labeled some of his claims as ones under the Federal Debt Collection Practices Act: he alleges that the defendants, as "foreclosing attorneys," violated the FDCPA by "attempting to collect a debt when no debt exists which defendant(s) has standing to collect," Amd. Compl., ¶ 11, sending "fraudulent demands for payment for which defendant(s) had no authority to make," Amd. Compl., ¶¶ 12, 13, and failing to "exercise due diligence concerning defendant(s)' standing to collect the alleged debt claimed by defendant(s) to be owed to defendant(s) or defendant(s)' principal by plaintiff," Amd. Compl., ¶ 16. Mr. Crooks alleges that the defendants sent him a "dunning letter dated August

15, 2011 . . . that asked for a lump sum of money," but he doesn't allege that the letter was unrelated to the foreclosure of his property or the August 31, 2011 Sheriff's sale of his home. Amd. Compl., ¶ 29. He states generally that the "defendant(s) is a debt collector within the meaning of the FDCPA," but supplies no further details about their practices in that regard. Amd. Compl., ¶ 33. He claims the defendants engaged in "overshadowing" based on his allegation that unidentified "earlier bills [] meet the definition of overshadowing." Amd. Compl., ¶ 35. He summarily concludes that the defendants violated 15 U.S.C. §§ 1692(e), 1692(f) 1692(g). Amd. Compl., ¶¶ 29, 34, 36. Mr. Crooks lastly alleges that the defendants engaged in common law and criminal fraud by making false representations that they "knew or should have known . . . was made without standing or capacity on the part of defendant(s)," Amd. Compl., ¶¶ 37-39, and caused him extreme emotional distress by threatening foreclosure. Amd. Compl., ¶¶ 40-41.

Even recognizing that the court must construe the amended complaint liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (a pro se complaint "must be held to less stringent standards than formal pleadings drafted by lawyers"), a review of Mr. Crooks' claims of fraud, emotional distress, and violations of the FDCPA shows that Mr. Crooks hasn't alleged or set forth facts outside the scope of the foreclosure action that might bring the defendants' actions within the purview of the FDCPA or that would suggest that his claims arose under circumstances separate and apart from the foreclosure action. While the Rooker-

Feldman doctrine doesn't "prevent state-court losers from presenting independent claims to a federal district court," Crawford v. Countrywide Home Loans, Inc., 647 F.3d 642, 645 (7th Cir. 2011), the claims advanced by Mr. Crooks in his amended complaint aren't independent of his state court proceedings and, so, must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

The court reaffirms its previous conclusion that Mr. Crooks' complaints about the actions of these defendants – that the "foreclosing attorneys" lacked standing to initiate foreclosure proceedings on behalf of their client; they failed to "prove" an agency relationship and the "evolution of the security instrument;" they didn't produce the original contract evidencing their authority to demand payment; they made fraudulent demands for payment from plaintiff when they lacked standing and capacity to make such demands – are, in reality, defenses to the foreclosure action and challenges to the state court judgment. *See* Op. and Ord., 5-8. The injury Mr. Crooks claims – the foreclosure of his mortgage and the resulting loss of his property – was effectuated by the state court judgment. Because the relief he seeks can't be granted "without necessarily impugning the state court's judgment," Crawford v. Countrywide Home Loans, Inc., 647 F.3d 642, 647 (7th Cir. 2011), the Rooker-Feldman doctrine bars his claims. *See* Crawford v. Countrywide Home Loans, 647 F.3d at 646 ("To determine whether *Rooker-Feldman* bars a claim, we look beyond the four corners of the complaint to discern the actual injury claimed by the plaintiff."). Mr. Crooks' claims about his mortgage and associated loan documents, the foreclosure proceedings, and the

7

resulting state court judgment must again be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

Based on the foregoing, the court GRANTS the motion of defendants Julia Blackwell Gelinas, Michele Lorbieski Anderson, Melanie D. Margolin, and Lucy R. Dollens to dismiss the amended complaint [docket # 30] pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.[5] The court will afford Mr. Crooks one last opportunity to amend his complaint. Sanctions may be imposed if he again attempts to pursue claims that have already been decided, by this or any other court, on issues relating to the validity of his mortgage loan transaction or the related loan documents, the foreclosing attorneys' representation of their client in the foreclosure action, the foreclosure proceedings, or the state court judgment. If no amended complaint is filed by December 5, 2011, judgment will be entered against him.

SO ORDERED.

ENTERED:   November 7, 2011


   /s/ Robert L. Miller, Jr.
Judge, United States District Court

cc:   D. Crooks
      D. Kasper

---

[5] The defendants ask that the amended complaint be dismissed with prejudice, but "[a] suit dismissed for lack of jurisdiction cannot also be dismissed 'with prejudice'; that's a disposition on the merits, which only a court with jurisdiction may render. . . . 'No jurisdiction' and 'with prejudice' are mutually exclusive." Frederiksen v. City of Lockport, 384 F.3d 437, 438 (7th Cir. 2004).

8