IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| David L. Crooks, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 3:11-CV-221 RLM-CAN |
| | ) | |
| v. | ) | |
| | ) | |
| Household Finance Corporation, III; | ) | |
| HSBC Mortgage Services; | ) | |
| Julia Blackwell Gelinas; | ) | |
| Michele Lorbieski Anderson; | ) | |
| Melanie D. Margolin; and | ) | |
| Lucy R. Dollens, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT
AND MOTION FOR SANCTIONS**

Defendants, by counsel, respectfully request that the Court enter an order Dismissing Mr. Crooks' Second Amended Complaint pursuant to Rule 12(b)(1), along with an entry of final judgment and an award of sanctions against Mr. Crooks for Defendants' fees incurred in responding to the Complaints in this action.

The Court's November 7, 2011 Opinion and Order afforded Mr. Crooks "one last opportunity to amend his Complaint," (Doc. 34, p. 8), and threatened sanctions if he attempts to pursue claims that "have already been decided by this or any other Court, on issues relating to the validity of his mortgage loan transaction or the related loan documents, the foreclosing attorneys representation of their client in the foreclosure action, the foreclosure proceedings, or the state court judgment." *Id*. Mr. Crooks has done precisely

1

what this Court warned against: he has raised a variety of Federal Debt Collection Practices Act claims for alleged improprieties in pursuing foreclosure on his home. This warrants dismissal and sanctions.

Mr. Crooks' Second Amended Complaint, like the Amended Complaint before it, asserts claims under the FDCPA for an alleged failure to "validate" or "verify" the debt. In the Court's November 7, 2011 Opinion and Order the Court noted that Mr. Crooks had "relabeled some of his claims as ones under the Federal Debt Collection Practices Act," which at the time were directed solely at the attorney defendants in this action. (Doc. 34, p. 5.) Mr. Crooks has since rejoined Household Finance Corporation, III and HSBC Mortgage Services (the entities involved in the state court foreclosure action) in this action. Beyond that joinder, his claims have changed in no meaningful way.

Mr. Crooks' cause of action raises a variety of objections to the debt at issue in the foreclosure action and Defendants' alleged failure to validate or properly pursue foreclosure on the debt. This is yet another attempt to litigate alleged deficiencies in the state court foreclosure action. Each of Counts 1 through 12 of the Second Amended Complaint constitute FDCPA claims relating to the collection of the underlying debt in the state court action.

As noted in prior briefing and orders of this Court,[1] this action is subject to dismissal under Federal Rule 12(b)(1) under the *Rooker-Feldman* Doctrine. *See, Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). As was the case in the First Amended Complaint, the sole factual

---

[1] *See, e.g.,* Opinion and Order (Doc. 27); Brief in Support of Motion to Dismiss Amended Complaint (Doc. 29); Reply in Support of Motion to Dismiss (Doc. 33); Opinion and Order (Doc. 34).

allegations of impropriety in this action relate to an alleged failure to provide "competent evidence of a contractual obligation to pay a creditor or third party debt collector's alleged client." (Amended Complaint, Doc. 35, p. 5., compare First Amended Complaint, pp. 6-9 (seeking "verified proof" of the underlying debt and Defendants' agency to collect).)

In its Opinion and Order dismissing the First Amended Complaint, the Court noted that such claims relating to alleged improprieties[2] "are, in reality, defenses to the foreclosure action and challenges to the state court judgment." (Doc. 34, p. 7.) Mr. Crooks' Second Amended Complaint raises the same improprieties (e.g., false claims in debt collection, continuing collection activities after notice of dispute, failure to validate debt). To remedy these alleged bad acts, Mr. Crooks seeks damages – which necessarily flow directly from the foreclosure on his home. As was the case with the prior complaints, the relief he seeks cannot be granted "without necessarily impugning the state court's judgment." *Crawford v. Countrywide Home Loans, Inc.,* 647 F.3d 642, 647 (7th Cir. 2011). Accordingly, the *Rooker-Feldman* Doctrine bars his claims.

The Court previously warned Mr. Crooks that this opportunity would be his last chance to plead and that if his Second Amended Complaint merely recycled his same allegations, sanctions would be granted. Defendants respectfully state that this is more of the same from Mr. Crooks and this action is ripe for dismissal and entry of a final judgment. To further deter this behavior from Mr. Crooks, Defendants request entry of an Order granting sanctions against Mr. Crooks for the attorneys' fees incurred by Defendants in

---

[2] "that the 'foreclosing attorneys' lacked standing…; they failed to 'prove' an agency relationship and the 'evolution of the security instrument;" they didn't produce an original contract…; they made fraudulent demands…" (Doc. 34, p. 7.) These are precisely the allegations leveled against the "foreclosing attorneys" and their clients in this iteration of the complaint.

3

defending this action.[3]

Date: <u>December 19, 2011</u>

        FROST BROWN TODD LLC

By: */s/ David T. Kasper*
    David T. Kasper, #10538-49
    Attorneys for Defendants Household
    Finance Corp, III, HSBC Mortgage
    Services Inc., Julia Blackwell Gelinas,
    Michele Lorbieski Anderson, Melanie D.
    Margolin, and Lucy R. Dollens

---

[3] In the alternative each of Plaintiff's claims should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The FDCPA does not apply to the foreclosure action about which Crooks complains. *Rosado v. Taylor*, 324 F. Supp.2d 917, 295 (N.D. Ind. 2004). Defendants incorporate herein by reference their arguments in support of the prior two Motions to Dismiss.

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 19th day of December 2011, via United States Mail, first postage prepaid, upon the following:

> David L. Crooks, Pro Se
> 2709 Neff Street
> Elkhart, Indiana 46514

I further certify that a true and accurate copy of the foregoing was filed electronically this 19th day of December, 2011. Notice of this filing will be sent by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**Heidi K. Koeneman**
Murphy Law Group
E-mail: hkoeneman@murphylawgroup.net

> */s/ David T. Kasper*
> David T. Kasper

FROST BROWN TODD LLC
201 North Illinois Street, Suite 1900
P.O. Box 44961
Indianapolis, IN 46244-0961
Phone: (317) 237-3800
Fax: (317) 237-3900
dkasper@fbtlaw.com

INDLibrary2 LR13662.0992679   1077397v1