UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DAVID CROOKS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:11-CV-221 RM |
| | ) | |
| HOUSEHOLD FINANCE CORP. III; | ) | |
| HSBC MORTGAGE SERVICES; | ) | |
| JULIA BLACKWELL GELINAS; | ) | |
| MICHELE LORBIESKI ANDERSON; | ) | |
| MELANIE D. MARGOLIN; | ) | |
| LUCY R. DOLLENS; and | ) | |
| DOES 1 through 10, | ) | |
| | ) | |
| Defendants | ) | |

OPINION and ORDER

David Crooks, proceeding *pro se*, has filed a second amended complaint following the November 7, 2011 dismissal of his first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), and the dismissal, on August 30, 2011, of his initial complaint pursuant to Federal Rules of Civil Procedure 8, 9, 10, 12(b)(1), and 12(b)(6). Mr. Crooks alleges in his most recent complaint that the defendants violated various provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* Mr. Crooks is seeking actual or statutory damages, punitive damages, and attorney's fees and costs.

Mr. Crooks alleges that in August 2006, August 2010, and August 2011 he wrote to the defendants seeking validation or verification of his mortgage loan debt. He says he never received a response, yet the defendants continued

collection activities after receiving his correspondence. Mr. Crooks maintains the defendants violated the Fair Debt Collection Practices Act by failing to provide written validation or the legal status of the debt; failing to demonstrate that they were not making false and misleading representations in communications or in the nature of the debt; misrepresenting the legal status and amount of the alleged debt and the character of the debt as an obligation to HSBC Finance Corporation III; continuing collection activities after receiving notice of dispute; failing to demonstrate that the interest charged was a term in the alleged agreement or was permitted by law; using false representations and deceptive means to collect a debt; attempting to collect a debt when the defendants "knew that the debt was not legitimate by obfuscating the parties to create confusion and avoid culpability for the collection of an illegitimate debt;" "engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person;" and communicating credit information "which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." Mr. Crooks alleges that he is a consumer under the FDCPA and each defendant is a debt collector within in the meaning of the Act.

The defendants have moved to dismiss the second amended complaint under Federal Rule of Civil Procedure 12(b)(1), arguing that the Rooker-Feldman doctrine[1] deprives the court of subject matter jurisdiction over Mr. Crooks's

---

[1] *See generally* Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

claims. The defendants also ask that Mr. Crooks be required to pay the attorney fees they have incurred in defending this action as a sanction for his recycling of the same claims the court rejected in his first two complaints.

A federal court must assure itself that it has jurisdiction over the subject matter of a case before it can proceed to take any action on the merits. *See* Warth v. Seldin, 422 U.S. 490, 498 (1975); Craig v. Ontario Corp., 543 F.3d 872, 875 (7th Cir. 2008). Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of complaints that bring no actionable claim within the subject matter jurisdiction of the federal courts. In reviewing a motion under Rule 12(b)(1), the court must "accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff," yet, if necessary, may "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." St. John's United Church of Christ v. City of Chicago, 502 F.3d 616, 625 (7th Cir. 2007) (internal quotations and citation omitted). The party asserting jurisdiction bears the burden of demonstrating subject matter jurisdiction by competent proof. Thomas v. Gaskill, 315 U.S. 442, 446 (1942); Sprint Spectrum L.P. v. City of Carmel, Ind., 361 F.3d 998, 1001 (7th Cir. 2004). A court must dismiss an action without reaching the merits if there is no jurisdiction. Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430-431 (2007).

As the court previously explained, "[t]he Rooker-Feldman doctrine 'is a rule of federal jurisdiction,' Frederiksen v. City of Lockport, 384 F.3d 437, 438 (7th Cir.

3

2004), which 'deprives federal courts of subject matter jurisdiction where a party . . . sues in federal court seeking to set aside the state court judgment and requesting a remedy for an injury caused by that judgment.' Johnson v. Orr, 551 F.3d 564, 568 (7th Cir. 2008)." Op. and Ord. (Nov. 7, 2011), at 2-3. Rooker-Feldman is applicable "not only to claims that were actually raised before the state court, but also to claims that are inextricably intertwined with state court determinations," Kelley v. Med-1 Solutions, LLC, 548 F.3d 600, 603 (7th Cir. 2008), "except where the plaintiff lacked a reasonable opportunity to present those claims in state court." Beth-El All Nations Church v. City of Chicago, 486 F.3d 286, 292 (7th Cir. 2007).

The defendants argue that the Rooker-Feldman doctrine bars Mr. Crooks's claims because his claims "necessarily flow directly from the foreclosure on his home." Defts. Br., at 3. According to the defendants, "[a]s was the case in [Mr. Crooks's] first amended complaint, the sole factual allegations of impropriety in this action relate to an alleged failure to provide 'competent evidence of a contractual obligation to pay a creditor or third party debt collector's alleged client.' ([Second] Amended Complaint, Doc. 35, p. 5, compare First Amended Complaint, pp. 6-9 (seeking 'verified proof' of the underlying debt and defendants' agency to collect)).

Mr. Crooks responds that his current suit "is not remotely connected to his foreclosure, which is a separate state matter." Resp., ¶ 3. He complains that the defendants' motion is "unresponsive to [his] current complaint" and claims the

4

defendants are using Rule 12(b)(1) "as an escape hatch to extricate themselves without addressing the FDCPA or their violations." Resp., ¶¶ 4, 5. The court sees things differently: the defendants' motion properly challenges this court's jurisdiction to hear his claims and, so, is responsive to his second amended complaint. *See* Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577 (1999) ("The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception, . . . and [w]ithout jurisdiction the court cannot proceed at all in any cause.").

Mr. Crooks alleges in his second amended complaint that the defendants had an obligation to provide him with "validation" or "verification" of his foreclosure debt. Contrary to Mr. Crooks's statement that his second amended complaint isn't connected to his foreclosure, that complaint's claims directly relate to the mortgage loan documents he signed in November 2004 and reaffirmed in October 2005 and that formed the basis for the Elkhart Superior Court's January 2011 foreclosure order. Even though Mr. Crooks's FDCPA claims don't directly seek to set aside the state court foreclosure judgment, those claims are "inextricably intertwined" with that state court judgment. Brown v. Bowman, No. 11-2164, 2012 WL 310832, at *4 (7th Cir. Feb. 2, 2012). As this court previously concluded in ruling on the motions to dismiss the initial and amended complaints, Mr. Crooks had ample opportunity to challenge the mortgage loan documents in his bankruptcy proceedings, filed in 2005 and reopened in 2008, *see* Op. and Ord. (Aug. 30, 2011), at 2-5, and to advance numerous objections to the loan

5

documents and present defenses to the foreclosure action in the Elkhart Superior Court and his appeal of that judgment. *See* Op. and Ord. (Aug. 30, 2011), at 5-8 & n.2.

Mr. Crooks affirms in his response brief that his current claims against these defendants relate to the mortgage loan documents and the foreclosure judgment – claims that Mr. Crooks could have and did, in fact, raise in the bankruptcy and state court actions and on appeal. In his response, Mr. Crooks explains that "[a]ll FDCPA suits have an alleged or actual underlying debt. Such debt might be related to a credit card, medical billing, telecom services, or some permutation of a foreclosure on a note related to vehicle, home or other contract. This suit had an underlying mortgage." Resp., at 5. Mr. Crooks's statement confirms that he's contesting the mortgage loan documents that were the subject of the state court action and judgment. He can't now re-label those same claims as ones under the Federal Debt Collection Practices Act.

Even recognizing that the court must construe the amended complaint liberally, *see* Erickson v. Pardus, 551 U.S. 89, 94 (2007) (a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers"), a review of Mr. Crooks's claims for violations of the FDCPA shows that, as before, he hasn't alleged or set forth facts outside the scope of the foreclosure action that might bring the defendants' actions within the purview of the FDCPA or that would suggest that his claims arose under circumstances separate and apart from the foreclosure judgment. While the Rooker-Feldman doctrine doesn't "prevent

6

state-court losers from presenting independent claims to a federal district court," Crawford v. Countrywide Home Loans, Inc., 647 F.3d 642, 645 (7th Cir. 2011), the claims Mr. Crooks advances in his second amended complaint aren't independent of the state court judgment, and so must be dismissed under Federal Rule of Civil Procedure 12(b)(1). *See* Bullock v. Credit Bureau of Greater Indianapolis, Inc., 272 F. Supp. 2d 780, 783 (S.D. Ind. 2003) ("In seeking to avoid *Rooker-Feldman*, plaintiffs argue in their brief that their claims were independent of the state court judgment. They state: 'Gonon violated numerous provisions of the FDCPA by attempting to collect amounts from plaintiffs not legally due.' The problem is that plaintiffs' theory is that Gonon violated the federal law by seeking exactly what the state court awarded. In other words, the state court determined that the amounts sought were in fact legally due. The state court might have been right and it might have been wrong under Indiana law. But this court could not rule in plaintiffs' favor without holding that the state court erred. Again, that is what the *Rooker-Feldman* doctrine forbids."); Derksen v. Rausch Strum Israel & Hornik SC, No. 09-CV-588, 2010 WL 3835097, at *2 (E.D. Wis. Sept. 29, 2010) ("The first two areas isolated by the plaintiffs in their complaint – that the defendants violated federal and state debt collection laws by (1) attempting to enforce an illegal contract, and (2) attempting to enforce a debt without sufficient evidence – run smack into the *Rooker-Feldman* doctrine, and, as a consequence, the court lacks subject-matter jurisdiction over those claims.").

A plaintiff "faced with a properly supported [Rule] 12(b)(1) motion to dismiss bears the burden of proving that the jurisdictional requirements have been met." National Rifle Ass'n of America, Inc. v. City of Evanston, No. 08 C 3693, 2009 WL 1139130, at *2 (N.D. Ill. Apr. 27, 2009). Mr. Crooks hasn't carried his burden in this regard. The court reaffirms its previous conclusions that Mr. Crooks's complaints about the actions of these defendants are, in reality, defenses to the foreclosure action and challenges to the state court judgment. *See* Op. and Ord. (Aug. 30, 2011), pp. 6-8; Op. and Ord. (Nov. 7, 2011), pp. 3-7. The collection activities of which Mr. Crooks complains were effectuated by the state court judgment, and because the relief he seeks can't be granted "without necessarily impugning the state court's judgment," Crawford v. Countrywide Home Loans, Inc., 647 F.3d 642, 647 (7th Cir. 2011), the Rooker-Feldman doctrine bars his claims. *See* Crawford v. Countrywide Home Loans, 647 F.3d at 646 ("To determine whether *Rooker-Feldman* bars a claim, we look beyond the four corners of the complaint to discern the actual injury claimed by the plaintiff."). Mr. Crooks's challenges to the mortgage loan documents and the resulting state court judgment must again be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

In dismissing Mr. Crooks's first amended complaint, the court gave Mr. Crooks an opportunity to amend his complaint once again with the added warning that "[s]anctions may be imposed if he again attempts to pursue claims that have already been decided, by this or any other court, on issues relating to the validity of his mortgage loan transaction or the related loan documents, the foreclosing

attorneys' representation of their client in the foreclosure action, the foreclosure proceedings, or the state court judgment." Op. and Ord. (Nov. 7, 2011), at 8. The defendants contend that because Mr. Crooks's second amended complaint is "more of the same," sanctions are justified. They have asked that Mr. Crooks be required to reimburse them for the attorneys' fees they incurred in defending this action.

While the defendants haven't offered any legal support for their sanction request, Federal Rule of Civil Procedure 11 provides that sanctions can be imposed if an unrepresented party's pleading is "presented for any improper purposes, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;" the claims aren't warranted "by existing law;" or the factual contentions of the pleading have no evidentiary support or are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. FED. R. CIV. P. 11(b)(1)-(3). Mr. Crooks will be given a chance to address the issue of sanctions under Rule 11 and the defendants' request for an award of fees. FED. R. CIV. P. 11(c)(3).

Based on the foregoing, the court GRANTS the motion of defendants Household Finance Corporation, HSBC Mortgage Services, Julia Blackwell Gelinas, Michele Lorbieski Anderson, Melanie D. Margolin, and Lucy R. Dollens to dismiss the second amended complaint [docket # 36] pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Mr. Crooks is

AFFORDED to and including March 22, 2012 within which to show cause why sanctions shouldn't be entered against him.

SO ORDERED.

ENTERED: March 1, 2012

 /s/ Robert L. Miller, Jr.
Judge, United States District Court

cc: D. Crooks
   D. Kasper