UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID CROOKS, | ) |
| Plaintiff | ) ) ) |
| vs. | ) CAUSE NO. 3:11-CV-221 RM ) |
| HOUSEHOLD FINANCE CORP. III; HSBC MORTGAGE SERVICES; JULIA BLACKWELL GELINAS; MICHELE LORBIESKI ANDERSON; MELANIE D. MARGOLIN; LUCY R. DOLLENS; and DOES 1 through 10, | ) ) ) ) ) ) ) ) |
| Defendants | ) |

OPINION and ORDER

On March 1, the court dismissed David Crooks's second amended complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and afforded him time to show cause why sanctions shouldn't be entered against him. Mr. Crooks filed his response to the show cause order, together with a motion to reconsider the dismissal of his second amended complaint. Mr. Crooks argues, again, that his claim that the defendants didn't "validate" his foreclosure debt by providing him with "competent evidence of a contractual obligation to pay a creditor or the third party debt collector's alleged client" doesn't relate to the foreclosure judgment entered against him in the Elkhart Superior Court in January 2011.

Without citing a legal basis for his motion to reconsider, Mr. Crooks recites language from numerous cases relating to the standards of review for a motion to dismiss and concludes that the court should reconsider his Fair Debt Collection Practices Act complaint. Federal Rule of Civil Procedure 59(e) allows a court to alter or amend a judgment based on newly discovered evidence or when the judgment reflects a manifest error of law or fact. Smith v. Schwartz, No. 10-721, 2012 WL 1600559, at *1 (S.D. Ill. 2012). Rule 59(e) motions aren't vehicles to introduce new evidence or to advance arguments that could or should have been presented before the entry of judgment, Egonmwan v. Cook County Sheriff's Dep't, 602 F.3d 845, 852 (7th Cir. 2010), and a manifest error of law or fact under Rule 59(e) isn't shown by the losing party's disappointment, but, instead, "is the wholesale disregard, misapplication, or failure to recognize controlling precedent." Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000); Smith v. Schwartz, No. 10-721, 2012 WL 1600559, at *1 (S.D. Ill. 2012). Alternatively, Federal Rule of Civil Procedure 60(b) permits a court to afford relief from a judgment "for several reasons, including mistake, excusable neglect, newly discovered evidence, and fraud." Easterling v. Siarnicki, No. 08-CV-1068, 2010 WL 3937963, at *1 (E.D. Wis. 2010). Rule 60(b) is "an extraordinary remedy and is granted only in exceptional circumstances." Eskridge v. Cook County, 577 F.3d 806, 809 (7th Cir. 2009).

Whether a motion should be analyzed under Rule 59(e) or Rule 60(b) depends on the substance of the motion. Obriecht v. Raemisch, 517 F.3d 489, 493

(7th Cir. 2008). The court will view Mr. Crooks's request that the court "reconsider its reliance on the Rooker Feldman doctrine in determining whether or not the court [has] jurisdiction over his Fair Debt Collection Practices Act claim," Resp., ¶ 1, as a claim of an error of law encompassed by Rule 59(e).

The court previously addressed Mr. Crooks' claim that the Rooker-Feldman doctrine[1] wasn't applicable to his claims and finds its conclusion in dismissing Mr. Crooks's original, amended, and second amended complaints to apply equally here:

> Mr. Crooks alleges in his second amended complaint that the defendants had an obligation to provide him with 'validation' or 'verification' of his foreclosure debt. Contrary to Mr. Crooks's statement that his second amended complaint isn't connected to his foreclosure, that complaint's claims directly relate to the mortgage loan documents he signed in November 2004 and reaffirmed in October 2005 and that formed the basis for the Elkhart Superior Court's January 2011 foreclosure order. Even though Mr. Crooks's FDCPA claims don't directly seek to set aside the state court foreclosure judgment, those claims are "inextricably intertwined" with that state court judgment. Brown v. Bowman, No. 11-2164, 2012 WL 310832, at *4 (7th Cir. Feb. 2, 2012). As this court previously concluded in ruling on the motions to dismiss the initial and amended complaints, Mr. Crooks had ample opportunity to challenge the mortgage loan documents in his bankruptcy proceedings, filed in 2005 and reopened in 2008, *see* Op. and Ord. (Aug. 30, 2011), at 2-5, and to advance numerous objections to the loan documents and present defenses to the foreclosure action in the Elkhart Superior Court and his appeal of that judgment. *See* Op. and Ord. (Aug. 30, 2011), at 5-8 & n.2. . . . [Mr. Crooks] can't now re-label those same claims as ones under the Fair Debt Collection Practices Act.

---

[1] *See generally* Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

Op. and Ord. (Mar. 1, 2012), at 5-6. Mr. Crooks's challenge to availability of attorney fees under the relevant contract(s) in the foreclosure action isn't a question for resolution under the Federal Debt Collection Practices Act.

Mr. Crooks says he doesn't "understand the operation wherein the Rooker Feldman doctrine supersedes the [FDCPA]" and claims he's "the least sophisticated consumer" entitled to protections of the FDCPA, Resp., ¶¶ 16-17, but a litigant's misunderstanding or unfamiliarity with the Rooker-Feldman doctrine doesn't amount to a manifest error of law or fact that would justify reconsideration of the dismissal of a complaint. Mr. Crooks hasn't set forth any newly discovered evidence or pointed to any manifest error of law or fact that would entitle him to the relief he seeks under Federal Rule of Civil Procedure 59(e), nor has he set forth any exceptional circumstance that might justify relief under Federal Rule of Civil Procedure 60(b).

Mr. Crooks also says sanctions aren't appropriate in this case because "[t]here was nothing frivolous about [his] verified pleadings signed under the penalties of perjury." Resp., at 7. Mr. Crooks explains that he "fashioned" his complaint "after many successful FDCPA complaints, wherein others have rightfully prevailed against debt collectors," noting that he set forth twelve causes of action warranted by existing law, made fourteen factual contentions, and submitted evidentiary support for his validation of his debt request. Resp., at 6-7. According to Mr. Crooks, his "ill-fated attempt to bring suit against debt collectors

was not for any improper purposes, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Resp., at 6.

The court can't agree with Mr. Crooks that existing law supported his claims or that his second amended complaint wasn't frivolous. The claims of the second amended complaint were the same claims Mr. Crooks asserted in his initial complaint, in his first amended complaint, and now in his motion to reconsider. As the court explained to Mr. Crooks in each instance, the claims he continues to assert are claims that he raised or ones he could or should have raised in his bankruptcy and/or state foreclosure proceedings. The court views Mr. Crooks's insistence in continuing to bring claims against these defendants as having been done to harass or needlessly increase the cost of doing business for entitles that were involved in the foreclosure proceedings against him, thereby justifying imposition of a sanction against him under Federal Rule of Civil Procedure 11(c)(4).

As the court noted in connection with its dismissal of Mr. Crooks's initial complaint, his first amended complaint, and his second amended complaint, federal district courts don't have subject matter jurisdiction in cases like this one "in which the plaintiff complains of an injury that cannot be separated from the state court judgment." Kelley v. Med-1 Solutions, Inc., 548 F.3d 600, 607 (7th Cir. 2008). The court, therefore, DENIES Mr. Crooks's motion for reconsideration [docket # 45] and imposes a sanction of $100, payable to the law firm of Frost Brown Todd LLC, Attn: David T. Kasper, 201 North Illinois Street, Suite 1900, P.O.

Box 44961, Indianapolis, Indiana 46961, attorneys for the defendants, for a portion of the fees incurred by the defendants in having to defend against Mr. Crooks's second amended complaint and motion to reconsider.

SO ORDERED.

ENTERED:   July 3, 2011

                                      /s/ Robert L. Miller, Jr.
                                   Judge, United States District Court

cc:    D. Crooks
      K. Kasper